### DIVERSION OF HIGHWAY BY RAILWAY.

Circuit Court of Lorain County.

COMMISSIONERS OF LORAIN COUNTY v. LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.

*Railways—Highways—Diversion of Highway in Changing Grade of Railway—Presumption of Necessity—Proof of, Required in Condemnation Cases—Words and Phrases—Sections 3284 and 3277-78—Crossings.*

1. No judicial interpretation is necessary, under Section 3278, to authorize a railway company to change the grade of its line in order to avoid difficult grades or curves, the presumption being that the company would not undertake an expensive improvement unless the change is necessary; but where an appropriation of land is required in order to make the proposed change, proof should be made to the court as to the necessity of the change.
2. The word "construction" as used in Section 3284, providing that a railroad company in the construction of its road-bed may divert a road or stream of water when necessary, is not limited in its application to the original building of the railroad, but gives the right, in making a change of grade as authorized by Section 3277, to divert the course of a highway for the purpose of avoiding annoyance to the public and dangerous or difficult curves or grades.

*A. R. Webber*, Prosecuting Attorney, for the commissioners.
*J. M. Lemmon*, contra.

Heard on error.

Beginning in the spring of 1889, the Lake Shore & Michigan Southern Railway Company began making very extensive improvements in its road-way between Berea, in Cuyahoga county, and Toledo, Lucas county, Ohio. Prior to that time the grade of the road had been very irregular. In making these improvements it became necessary at some points to raise high embankments of earth and at others to deepen the cuts, so as to bring the road-way nearer to a uniform grade.

In making these improvements a high embankment was built across a county road running east and west in Brownhelm township, so as to entirely obstruct travel over the same. This embankment was built across the road about thirty rods east of its junction with a north and south road. The railway company, instead of building approaches to this embankment on either side, so that teams might pass over it, bought a strip of land and constructed a highway along the north side of its track until it intersected the north and south road above referred to, about twenty rods north of the intersection of the old road. This resulted in an abandonment of about thirty rods of the old highway.

The above action was brought by the commissioners against the railway company to recover damages because of the obstruction so placed in the road, on the claim that its usefulness had been entirely destroyed. The railway company filed an answer setting forth in substance that the changes made were necessary for the purpose of avoiding difficult and dangerous grades; that in pursuance of the right conferred upon it by Section 3277, Revised Statutes, did raise the grade at the point named as to entirely obstruct the highway; but that it had restored the same to its former usefulness by the construction of the road hereinbefore described.

The case was tried in the common pleas court, resulting in a judgment for the railway company. It was taken to the circuit court upon a petition in error and a bill of exceptions containing all the testimony.

UPSON, J.; CALDWELL, J., and BALDWIN, J., concur.

This case was submitted to the court below without a jury and decided by the court in favor of the defendant; a judgment was rendered and it is to reverse the judgment thus rendered that this proceeding in error is prosecuted. The bill of exceptions taken in the case sets forth the whole of the testimony, and it is claimed among other things that the decision of the court is not sustained by sufficient testimony.

The first point that is made with reference to the testimony is that it does not show that the railway company determined to raise this grade at the point named, or that it was necessary that it should be raised for the purpose of avoiding dangerous and difficult grades or annoyance to the public. The provision of the statute with reference to such change of grade is found in Section 3277, Revised Statutes, and is as follows:

"For the purpose of avoiding annoyance to the public travel, or dangerous or difficult curves or grades, or unsafe or unsubstantial grounds or foundations, or when the road-bed has been injured or destroyed by the current of any river, water-course, or other unavoidable cause, or for other reasonable cause, a company may change the location or grade of any portion of its road, whether heretofore made or hereafter to be made, but shall not depart from the general route prescribed in the articles of incorporation."

In a succeeding section (3278, Revised Statutes), it is provided that for the purpose of making any such change, the company shall have all the rights, powers and privileges to enter upon and appropriate lands, etc., and provides that such appropriation shall be made in the usual manner in the probate court.

It will be observed that in Section 3277, Revised Statutes, authorizing the railroad company to make a change of its grade for the purposes stated, there is no provision for any judicial determination as to the necessity for such change of grade. It is left by the law to the judgment and discretion of the railroad company itself to determine whether such a change of grade is or is not necessary, it being properly presumed that an expensive change of grade would be made by the company unless it,

in good faith, deemed it to be necessary for such purpose as that stated in the statute, and we think the whole of the testimony in this case shows such a state of facts as warranted the judge before whom the case was tried in finding that this change of grade was made for the purposes stated in the statute. If it had been necessary for the purposes of the change to appropriate land, then the rights of the land owner would have required and the statute, Section 3278, Revised Statutes, would have required that there should be proof made and judicial determination made of the necessity of the proposed change.

The next point in which it is claimed the testimony set forth in the bill of exceptions does not sustain the decision of the court, and the more important question, is that it does not sustain it in showing that the company had restored the highway to its former state of usefulness to the public. We have very carefully examined the testimony in that respect and under the rule well established in this state, that the decision of a court upon an issue of facts, as well as the verdict of a jury upon an issue of fact, is not to be set aside by a reviewing court unless it is clearly against the evidence, we think that we are not authorized to set aside this finding upon the ground that it is not sustained by the testimony; we think the court could fairly find from the testimony, which is conflicting, that the part of the highway substituted for that which was closed by the railroad company is as beneficial, if not more beneficial, to the public than the highway was originally at that point. We do not feel authorized in disturbing the decision of the court. The more important question and the one mainly relied upon is whether the statute itself confers authority in a case like this to divert a road from its course.

Section 3284, Revised Statutes, provides:

"A company may, whenever it is necessary in the construction of its road to cross a road or a stream of water, divert the same from its location or bed; but the company shall, without unnecessary delay, place such road or stream in such condition as not to impair its former usefulness, and any or all railroads hereafter constructed, which shall cross any avenue or public highway leading from a city of the first or second class to a public cemetery of such city, situate within or without the limits of

any such city, shall be constructed so as either to pass under or over such avenue or public highway, at such elevation or depression, as the case may be, as will allow the unobstructed passage of all wagons, carriages, or other vehicles which it may be necessary for any person to use upon such avenue or public highway.''

The argument made is that this can only be done when it is necessary in the original construction of the road; that after a railroad has been constructed and has been in operation for a great number of years, this section of the statute does not apply and that in order to authorize a diversion of a road, from its location, it is necessary for it either to procure additional legislation or it is necessary for the company to proceed under these provisions of the statute which relate to the occupation of roads and streets by agreement between the railroad company and the public authorities having charge of the road, in a municipal corporation, having charge of the streets, or commissioners having charge of a county road.

The statute, as has been seen, gives the absolute right to change the grade and to do that without a judicial determination of the necessity to do so. And while the language of the statute is that a road may be diverted whenever it is necessary in the construction of the road, it is claimed on the part of the railroad company that such a change of grade as this is a work done in the construction of its road; that it is not simply what comes under the ordinary name of repairing the road or making a slight change, but that it is fairly to be considered as work done in the construction of the road; that it is not limited to the original building of the road but to a construction such as was done in this case. It is shown by the record to have been a change in the grade of a road of a very extensive character, so as to make it entirely different in many respects from what it was when originally constructed.

As I have said, the question is one not without difficulty, because, if you give the literal and more common meaning to the word ''construction,'' it might be limited to the original building of the road, but is also a word of more general meaning, and we think, taking the two Sections, 3277 and 3278, and reading

them in connection with this section, that it was not intended by the Legislature to limit this word "construction" to the original building of the road, and that it may be fairly held to give the right to divert a road from its location whenever such a change as this authorized by statute renders such a diversion of the road necessary, and we think the record in this case clearly shows that it was necessary to change the location of the road at that point in consequence of the change in the grade of the railroad.

For that reason and for the reason that we think the testimony shows no damage whatever was sustained by the commissioners representing the public, but that, in fact, the road is better for the public as changed than it was originally, we think the court did not err in its decision and that judgment is affirmed.